IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERTO MIRELES,<br>　　Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:13-CV-452-Y |
| RODNEY W. CHANDLER, Warden,<br>FCI-Fort Worth,<br>　　Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner, Roberto Mireles, Reg. No. 79302-280, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent, Rodney W. Chandler, is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

On November 13, 2011, petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in the Midland Division of

the United States District Court for the Western District of Texas, and, following preparation of a presentence report, was sentenced to a 120-month term of imprisonment. (Resp't App. at 7-8) Petitioner appealed the trial court's sentence, but the Fifth Circuit affirmed the sentence on January 15, 2013. *United States v. Mireles*, 507 Fed. Appx. 445, 2013 WL 163977 (5th Cir. Jan. 15, 2013). This habeas petition under § 2241 was filed in this court where petitioner is currently serving his sentences.

Petitioner claims he is actually innocent of the crime and sentence because he did not plead guilty to a conspiracy, to the drug amount, or to the sentence, and, therefore, in light of the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2004), the district court could not have imposed his 120-month sentence based solely on the facts he admitted in the plea proceeding. (Pet. at 2-6) *Apprendi* and its progeny hold generally that any fact that increases the penalty for a crime is an "element" of the crime that must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *Booker,* 543 U.S. at 756. Thus, petitioner urges it was necessary that the above factors be submitted to a jury and found beyond a reasonable doubt. The government has filed a response to the petition seeking dismissal on jurisdictional grounds. (Resp't Resp. at 2-4)

### D. Discussion

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." 28 U.S.C. § 2255(e); *Reyes-Requena v. United*

*States,* 243 F.3d 893, 901 (5th Cir. 2001). To do so, the petitioner must establish that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena,* 243 F.3d at 904.

Petitioner cannot meet these requirements. The Supreme Court did not declare the *Apprendi* line of cases retroactively applicable on collateral review. *In re Kemper,* — F.3d —, 2013 WL 5969009, at *1 (5th Cir. Sept. 6, 2013); *Wesson v. U.S. Penitentiary,* 305 F.3d 343, 347 (5th Cir. 2002). Further, petitioner was not foreclosed from raising his claim on appeal, and he has not yet filed a § 2255 motion in the convicting court. Nor has he demonstrated his actual innocence of the underlying, substantive crime to which he pleaded guilty and was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000).

Petitioner has not invoked the savings clause of § 2255 as to the claim(s) presented in this habeas corpus proceeding, and, therefore, the court is without jurisdiction to consider the petition. *See Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 24, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 24, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January _____2_____, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE